IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAYVON BOATMAN,

    Plaintiff,

v.                                    CASE NO. 4:09-cv-00055-SPM -GRJ

TIMOTHY J BUDZ, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Time to Comply with the Court Rules and/or Local Rules of the Court, and the Court's Recent Orders. (Doc. 20.) Plaintiff requests additional time to pay "total court fees" or, in the alternative, leave to pay these costs by some other means. Id. For the following reasons, this action should be transferred to the Middle District of Florida. Further, because Plaintiff already was granted permission to proceed *in forma pauperis*, Plaintiff's request for additional time to pay the "court fees" is due to be **DENIED**.

### Discussion

Despite the fact that this case has been pending since February 10, 2009, Plaintiff has yet to submit an amended complaint for service. Plaintiff has been granted more than sufficient time to do so but has failed to comply. This case concerns Plaintiff's civil confinement at a facility located in the Ft. Myers area and should never have been filed in the Northern District of Florida.

In addition to the fact that this case should never have been filed in the Northern

district of Florida, Plaintiff has done very little to advance this case despite being directed to do so several times by the Court.

On April 27, 2010 the Plaintiff was given an extension of time by the Court until May 14, 2010 to file an amended complaint. (Doc. 17.) Prior to the Court's April 27, 2010 Order the Plaintiff had been directed to file his amended complaint no later than March 26, 2010. (Doc. 10.) During the next eight months Plaintiff failed to file an amended complaint as directed, and did not file any further documents. Consequently, on January 21, 2011 the Court issued an Order To Show Cause (Doc. 19) providing Plaintiff one last opportunity to file his amended complaint. The deadline set by the Court was February 4, 2011. Instead of filing an amended complaint as directed, Plaintiff filed the Motion for Time to Comply with the Court Rules and/or Local Rules of the Court, and the Court's Recent Orders. (Doc. 20.) The motion is, however, completely silent regarding the filing of an amended complaint and instead simply requests permission to extend the time to pay the full filing fee. The Plaintiff, however, is not required to pay the filing fee – and has been advised of this several times by the Court – because the Defendant was granted permission to proceed *in forma pauperis* more than eight months ago on April 22, 2010. (Doc. 14.)

The Court's directive to file an amended complaint was not simply because of minor pleading deficiencies in the original complaint. The Plaintiff is currently a resident of the Florida Civil Commitment Center located in Arcadia, Florida. ("FCCC.") Arcadia, Florida is located in the Fort Myers Division of the Middle District of Florida. The gist of Plaintiff's claim is that he was "illegally kidnapped ... brought to the FCCC and detained illegally." As the Court previously pointed out there are two fundamental problems with

Plaintiff's complaint: (1) his claims against the state attorneys and the state judge who are located within the Northern District of Florida cannot proceed because of judicial and prosecutorial immunity; and (2) his claims for illegal detention at the FCCC have nothing whatsoever to do with this district but instead focus upon persons located in and events which occurred in Arcadia in the Middle District of Florida. As such to the extent that Plaintiff has filed this case to challenge his alleged illegal detention he should do so in the Middle District of Florida and not here.

In view of the fact that Plaintiff has failed to file an amended complaint – and the amended complaint on file evidences that Plaintiff is challenging the legality of his detention at the FCCC – the appropriate forum for Plaintiff to pursue his claim is in the Ft. Myers Division of the Middle District of Florida. While the Court could simply dismiss the case for failure to prosecute – in an abundance of caution and in order to avoid any prejudice that could result if Plaintiff had to refile this action in the Middle District of Florida – the Court should exercise its discretion under 28 U.S.C. § 1404 and transfer this case to the Ft. Myers Division of the Middle District of Florida.[1]

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1404(a) this case be transferred to the Ft. Myers

---

[1] 28 U.S.C. § 1404(a) provides in relevant part that "[F]or the convenience of parties ... [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought."

Division of the Middle District of Florida and that Plaintiff's Motion for Time to Comply with the Court Rules and/or Local Rules of the Court, and the Court's Recent Orders (Doc. 20) be **DENIED**.

At Gainesville, Florida, this 11th day of February, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**